IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN H. STEWART,                          No. C 13-2901 CW

      Petitioner,                    ORDER DISMISSING
                                          PETITION FOR WRIT
    v.                                  OF HABEAS CORPUS

MICHAEL DOWNEY,

      Respondent.

_____/

On June 23, 2013, John H. Stewart filed a petition for writ of habeas corpus.  On July 2, 2013, the Court dismissed the petition for lack of jurisdiction because Petitioner is not in custody.  Petitioner has now filed a motion to vacate or amend the judgment pursuant to Federal Rules of Civil Procedure 59 and 60.

Stewart argues that he is entitled to a writ of habeas corpus because his "right to come and go as he pleases is being restrained" by the alleged refusal of the Humboldt County Sheriff to enforce a civil standby order issued by the Humboldt County Superior Court that would require the Sheriff to standby while Petitioner visited the home of his deceased former wife to retrieve certain items from the property.  Motion at 6.

Petitioner argues that 28 U.S.C. § 2241(a), which provides, "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," is a general grant of jurisdiction to grant petitions for writs of habeas corpus.  He further argues that 28 U.S.C. § 2241(c) does not apply to his case because it provides, "The writ of habeas corpus shall not extend

to a prisoner unless" certain conditions are met and he is not a
prisoner.  This statutory argument is unavailing.

As stated in the Court's order denying the petition, federal
courts may grant a habeas petition only if the petitioner is "in
custody" in violation of the Constitution or laws or treaties of
the United States.  The term "custody" refers to individuals who,
as a result of a criminal conviction, are subject to "substantial
restraints not shared by the public generally." Lehman v.
Lycoming County Children's Services Agency, 458 U.S. 502, 510
(1982).  The requirement that an individual be in custody to be
afforded habeas relief is jurisdictional.  Williamson v. Gregoire,
151 F.3d 1180, 1182 (9th Cir. 1998) (citing Maleng v. Cook, 490
U.S. 488, 490 (1989) (per curiam)).  Petitioner in this case is
not in custody.

Petitioner's motion to vacate or amend the judgment is
DENIED.


IT IS SO ORDERED.


Dated: 9/27/2013

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California