IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN H. STEWART, | No. C 13-2901 CW (PR) |
|     Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |
|   v. | |
| MICHAEL DOWNEY, Humboldt County Sheriff, | (Docket no. 6) |
|     Respondent. | |

On June 24, 2013, John Stewart filed a petition for a writ of habeas corpus. On July 2, 2013, the Court dismissed the petition for lack of jurisdiction because Petitioner was not in custody. On July 12, 2013, Petitioner filed a motion to vacate or amend the Order of Dismissal, which the Court denied on September 27, 2013. On November 18, 2013, pursuant to Federal Rule of Appellate Procedure 4(a)(5), Petitioner filed the instant motion for an extension of time in which to file a notice of appeal.

Federal Rule of Appellate Procedure 4(a)(5) allows a district court to extend the thirty-day time period to file a notice of appeal after the thirty days expire if the moving party shows excusable neglect or good cause. Petitioner's motion is GRANTED

because, although the Court finds that Petitioner has not shown good cause, he has shown excusable neglect.

The good cause and excusable neglect standards are different. China Nat'l Chem. Constr. Chongqing Co. v. Seedling, Worldmodal Network Servs., 2007 WL 1235444, at *4 (D. Or. 2007). The excusable neglect standard applies in situations in which there is fault on the part of the moving party; the good cause standard applies in situations where there is no fault and the need for an extension is caused by something that is not within the control of the moving party. Id. To determine if a movant shows excusable neglect, the court applies a four-part balancing test: "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith." Pinclay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004), citing Pioneer Invest. Serv. Co. v. Brunswick Assoc., Ltd. Partnership, 507 U.S. 380, 395 (1993).

Petitioner argues that he has shown good cause because he did not receive the Court's September 27, 2013 Order until November 8, 2013, when it appeared on Justia.com which, according to Petitioner, is a web site that posts the Court's orders. He also states that he never received the Order at the post office box he has provided to the Court as his current address, although "he checks it at least once every week." He argues that service of the Order was defective because, although the proof of service filed by the Clerk states that the Clerk served a copy of the

1  Order by placing it in the United States Mail, this statement is
2  not made under penalty of perjury.
3      Petitioner's argument that he did not receive the September
4  27, 2013 Order because the Clerk's statement was not under penalty
5  of perjury is meritless.  The Clerk's proof of service shows that
6  the Order was mailed to the current address Petitioner provided to
7  the Court.  See Doc. no. 5.  Under Federal Rule of Civil Procedure
8  5(b)(2)(C), service by mail is "complete upon mailing."  See Fed.
9  R. Civ. P. 5(b)(2)(C); Bicek v. C & S Wholesale Grocers, Inc.,
10 2013 WL 3872940, *2 (E.D. Cal. 2013).  Therefore, Petitioner
11 cannot rely on the proof of service as good cause for not filing a
12 timely notice of appeal.
13     However, Petitioner's argument regarding excusable neglect is
14 persuasive.  An extension of time will cause little danger of
15 prejudice to the non-moving party because that party has not been
16 served with the petition.  The length of the delay is not great,
17 so that an extension will have little impact on judicial
18 proceedings.  Furthermore, the Court does not discern any bad
19 faith on the part of Petitioner.  Although Petitioner's reason for
20 the delay may be specious, he has shown diligence in filing the
21 instant motion for an extension of time.  Under these
22 circumstances, the Court finds that Petitioner has shown excusable
23 neglect and GRANTS his motion for an extension of time to file a
24 notice of appeal.
25     Under Federal Rule of Appellate Procedure 4(a)(5)(C), no
26 extension of time "may exceed 30 days after the prescribed time or
27 14 days after the date when the order granting the motion is
28 entered, whichever is later."  Therefore, Petitioner is granted

3

fourteen days from the date this Order is entered in which to file a notice of appeal.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Petitioner's motion for an extension of time in which to file a notice of appeal is GRANTED.  Petitioner has fourteen days from the date this Order is entered in which to file a notice of appeal.

2. This Order terminates docket no. 6.

IT IS SO ORDERED.

Dated:  12/3/2013

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

4